# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARYISE L. EARL,

            Plaintiff,

     -vs-                                        Case No. 2:15-cv-282

BRIAN FOSTER,
WILLIAM POLLARD,
DAVE BROOKS,
CATHY FRANCOIS,
CARL RIEK,
LT. HELMEID, SGT. PAGEL,
LT. FALTYSKI, and
JOHN or JANE DOES 1-10,

            Defendants.

## SCREENING ORDER

       The plaintiff, a Wisconsin state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's complaint.

       The plaintiff has been assessed and has paid an initial partial filing fee of $14.21. The Court will grant the plaintiff's motion for leave to proceed *in forma pauperis*.

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for a plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when a plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more

2

than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, courts must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Courts are obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff is currently incarcerated at Green Bay Correctional Institution. He is suing Brian Foster, William Pollard, Dave Brooks, Cathy Francois, Carl Riek, Lt. Helmeid, Sgt. Pagel, Lt. Faltyski, and various John/Jane Does, all employees at the Green Bay Correctional Institution.

The plaintiff alleges he has suffered multiple slip-and-fall injuries since 2008 as a result of having to wear poorly treaded boots while working in the kitchen. The most recent injury, on September 25, 2014, resulted in a torn ligament in his knee, swelling, and pain. The plaintiff alleges he was initially prescribed extra pillows to elevate his knee as well

3

as four ice packs throughout the day. However, he was refused extra pillows and received only two ice packs per day.

While the plaintiff was initially given work restrictions that allowed him to be paid while remaining out of work, the plaintiff claims these restrictions were allowed to lapse in retaliation for his complaints questioning the medical staff's qualifications to assess his injury. The plaintiff was ordered to return to work on October 14, 2014, and, after a confrontation with his supervisor, was permitted to take a sick day after working for three hours. The plaintiff alleges he was able to see a therapist later that afternoon. The therapist reaffirmed his previous conclusion that the plaintiff had a torn ligament. After conferring with the therapist, a doctor placed the plaintiff on work restriction for six weeks.

On October 22, 2014, the plaintiff received a form stating, "Due to operational needs, we will be removing inmate Earl from the kitchen payroll. He would be eligible to work in the kitchen once he is able to come back." (Compl. ¶ 27, Docket # 1.) The plaintiff states that he immediately complained about being "fired" because he was unable to work due to an injury. In response, defendant Faltyski responded, "Due to institution needs you were removed because your position needed to still be filled with someone. Once you are cleared you will have to [sic] chance to work again. You were not fired." (*Id.*, at ¶ 28.)

The plaintiff purports to state retaliation claims against defendant Brooks for "firing" the plaintiff from his work position and against defendant Doe(s) for allowing the plaintiff's work restrictions to lapse. The plaintiff also attempts to state a class-of-one

4

discrimination claim based on his allegations that he was "fired" despite other injured inmates being allowed to keep their work positions. Finally, the plaintiff asserts various Eighth Amendment violations in connection with various defendants exposing inmate kitchen workers to dangerous and harsh work conditions, failing to conform to the plaintiff's prescribed medical treatment, and requiring the plaintiff to work despite knowing of his ongoing injury.

The plaintiff seeks injunctive relief, compensatory damages in the amount of $30,000, and punitive damages in the amount of $300,000.

**RETALIATION**

To establish a claim of retaliation, the plaintiff must show that he engaged in a protected activity, he suffered a deprivation likely to prevent future protected activity, and there was a causal connection between the two. *See Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010).

The plaintiff first seeks to state a claim of retaliation against defendant Brooks because defendant Brooks "fired" him after the plaintiff complained about the issuance of "ragged" boots and the allegedly improper orders that the plaintiff return to work.

The plaintiff's own allegations contradict his contention that he was "fired." Specifically, the plaintiff indicates that defendant Faltyski informed him that he was "not fired" and that once the plaintiff was cleared, he would "have the chance to work again." (Compl. ¶ 28, Docket #1.) The plaintiff has not plead facts demonstrating defendant's

5

Faltyski's statements were false. For example, the plaintiff has not alleged that, once he was cleared to work, defendant Brooks or any other defendant refused to place him back in his position. Failure to adequately plead he was "fired" undermines the plaintiff's contention that he suffered a deprivation.

However, although not specified in connection with this particular claim, the plaintiff has alleged elsewhere that, contrary to the institution's practice with regard to injured workers, he was removed from payroll and his position was temporarily filled rather than compensating the plaintiff and keeping the position open while the plaintiff recovered from his injury. The plaintiff also alleges that defendant Brooks said that if the plaintiff had "sat in his cell with his big mouth closed instead of writing complaints, he probably would have kept his job." (Id. ¶ 25.) Accordingly, the plaintiff may proceed with a retaliation claim against defendant Brooks based on the plaintiff's allegations that, had he not complained, his position would have remained open and the plaintiff would have continued to be compensated while recovering from his injury.

The plaintiff may also proceed with a retaliation claim against defendant nurse practitioner Doe. The plaintiff alleges that defendant nurse practitioner Doe allowed his work release to lapse and lied about his injury when asked about the expired release in retaliation for his complaints questioning the medical staff's abilities. The plaintiff alleges that, as a result of these actions, he was required to go to work despite having an obvious injury that continued to cause him significant pain.

6

# CLASS OF ONE

"The Equal Protection Clause of the Fourteenth Amendment prohibits state action that discriminates on the basis of membership in a protected class or irrationally targets an individual for discriminatory treatment as a so-called "class of one." *Reget v. City of La Crosse, Wis.*, 595 F.3d 691, 695 (7th Cir. 2010) (internal citations omitted). The plaintiff purports to bring a class-of-one discrimination claim. The question of a class-of-one claim is whether the plaintiff was "singled out arbitrarily, without rational basis, for unfair treatment." *Avila v. Pappas*, 591 F.3d 552, 554 (7th Cir. 2010). The actions complained of must have been undertaken for reasons that are wholly unrelated to any legitimate state objective. *See Esmail v. Macrane,* 33 F.3d 176, 180 (7th Cir. 1995).

The plaintiff alleges that, unlike others similarly situated to him, he was terminated from his work position and/or he was removed from payroll and not compensated while recovering from an injury. The plaintiff's own allegations regarding defendants' stated basis for their decision undermines the plaintiff's class-of-one claim. According to the plaintiff, defendant Faltyski explained that operational and institution needs required that the kitchen position be filled while the plaintiff recovered from his injury. The need for a fully staffed kitchen provides a rational basis for temporarily filling the plaintiff's position, and the plaintiff has not opposed this stated basis. Given that defendants' actions in temporarily filling the kitchen position cannot be said to be "wholly unrelated to any legitimate state objective," the plaintiff's class-of-one claim must be dismissed.

## DELIBERATE INDIFFERENCE

In order to state a claim under the Eighth Amendment for deliberate indifference to a hazardous condition of confinement, a plaintiff is required to allege that defendants deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). The issuance of "worn out boots to kitchen workers who work in extremely slippery areas" is not a sufficiently dangerous condition. *See Watkins v. Lancor*, 558 Fed.Appx. 662, 665 (7th Cir. 2014) (holding that neither wet floors nor failure to provide protective overshoes for the wet floor support a claim of deliberate indifference). As such, the plaintiff may not proceed with this claim.

A plaintiff who seeks to state a claim based on deficient medical care must demonstrate two elements: "1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006)).

The plaintiff has satisfied this standard, and he may proceed with his claim that defendant Helmeid was deliberately indifferent to the plaintiff's serious medical condition when defendant Helmeid ignored that the plaintiff was being "denied the required medical course of treatment." (Compl. ¶ 61, Docket #1.) The plaintiff may also proceed on his claims that defendants Doe(s) and Riek were deliberately indifferent to the plaintiff's serious medical

8

condition when they allowed his work release to lapse, ordered him to return to work despite an obvious ongoing injury, and ignored his subsequent complaints about his injury.

## DISMISSED DEFENDANTS

The plaintiff has not alleged any personal involvement of defendants Foster or Pollard, so the plaintiff has not stated claims against these defendants, and they will be dismissed. *See Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009) (holding it is acceptable to relegate to the prison's medical staff the provision of good medical care and that not everyone who knows about a prisoner's problems must pay damages).

In addition, given that the plaintiff may not proceed with his class-of-one discrimination or deliberate indifference to a hazardous condition of confinement claims, defendants Francois, Pagel, and Faltyski will be dismissed, as these were the only claims alleged against these defendants.

The plaintiff will need to use discovery to identify the Doe defendants involved with the surviving claims.

## INJUNCTIVE RELIEF

The plaintiff appears to seek injunctive relief on behalf of the kitchen staff, as he requests that this Court, "Issue an injunction to discontinue the policy/custom of G.B.C.I.'s distribution of work out boots to its inmate kitchen workers." (Compl. ¶ 69, Docket #1.) The plaintiff lacks standing to pursue such relief. The plaintiff may assert his own legal rights, but

not the legal rights of other inmates. *Shimer v. Washington*, 100 F.3d 506, 508 (7th Cir. 1996); *see*, *Arizonans for Official English v. Arizona*, 117 S.Ct. 1055 (1997).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff's request for injunctive relief is **denied**.

**IT IS FURTHER ORDERED** that defendants Foster, Pollard, Francois, Pagel, and Faltyski are **dismissed**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the following state defendants: Brooks, Riek, and Helmeid.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $335.79 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the

prisoner's trust account and forwarding payments to the clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to defendants. All defendants will be served electronically through the Court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the Court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 7th day of May, 2015.

SO ORDERED,

_____
HON. RUDOLPH T. RANDA
U.S. District Judge