# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DARYISE L. EARL,**

    Plaintiff,

-vs-                                          Case No. 15-CV-282

**BRIAN FOSTER, et al.,**

    Defendants.

# DECISION AND ORDER

The plaintiff, a Wisconsin state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On May 7, 2015, the Court screened the complaint and dismissed the plaintiff's claims of class-of-one discrimination and deliberate indifference to a hazardous condition of confinement. The Court allowed the plaintiff to proceed on his retaliation claim, but on a different basis than the one the plaintiff articulated in that portion of his complaint. On May 18, 2015, the plaintiff filed a motion for reconsideration of the Court's screening order.

Because the plaintiff seeks to revisit a non-final order that decided fewer than all of the claims in this action, the Court will construe the plaintiff's request as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 54(b). A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct

manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D. Ill. 1982), aff'd, 736 F.2d 388 (7th Cir. 1984)). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Motions for reconsideration are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

<u>Retaliation</u>

The Court has allowed the plaintiff to proceed on his claim that defendant Brooks retaliated against the plaintiff based on the plaintiff's allegations that, had he not complained, his position in the kitchen would have remained open and the plaintiff would have continued to be compensated while recovering from his injury. The Court clarified, however, that the plaintiff had not sufficiently alleged that he had been "fired" in retaliation for his complaints because the plaintiff stated that Lieutenant Faltyski (a prior named defendant who is now dismissed) had

- 2 -

Case 2:15-cv-00282-WCG   Filed 05/21/15   Page 2 of 7   Document 9

informed him that he was "not fired" and that once the plaintiff was cleared, he would "have the chance to work again." (Compl. ¶ 28, Docket #1.) The plaintiff did not plead facts in his complaint demonstrating Lieutenant Faltyski's statements were false.

The plaintiff states that the Court "erroneously assessed the facts of this claim" and that "[t]o preserve the right to fully litigate this argument throughout the proceedings of this case, Earl will elaborate his contentions to erase any misgivings the Court may have in regards to this claim." (ECF No. 8 at 1.) In support, the plaintiff sets forth a series of events dating from November 2014 through the end of February 2015. None of these events are alleged in the plaintiff's complaint even though they all occurred prior to the time the plaintiff filed his complaint.

The Court screened the plaintiff's complaint based on the allegations the plaintiff stated therein. The plaintiff has not set forth "newly discovered evidence" as all of the events currently presented to the Court concluded not only prior to the Court's order but even prior to the plaintiff's filing of his complaint. The plaintiff is now seeking to remedy a pleading deficiency identified by the Court; however, a motion for reconsideration is not the proper vehicle for that. In any event, the Court has already held

- 3 -

Case 2:15-cv-00282-WCG   Filed 05/21/15   Page 3 of 7   Document 9

that the plaintiff has successfully stated a claim of retaliation against defendant Brooks, and the plaintiff may continue to proceed on that claim.

Class-of-One Discrimination

The Court dismissed the plaintiff's class-of-one claim because the plaintiff did not sufficiently allege that the defendants' actions were undertaken for reasons wholly unrelated to any legitimate state objective. On the contrary, Lieutenant Faltyski explained that operational and institutional needs required that the kitchen position be filled while the plaintiff recovered from his injury. The Court held that "the need for a fully staffed kitchen provides a rational basis for temporarily filling the plaintiff's position." (ECF No. 7 at 7.)

The plaintiff argues that the Court has "misinterpret[ed] the facts of this case" because the plaintiff's "claim is that he was fired from his work position for vindictive reasons . . . ." (ECF No. 8 at 2.) The plaintiff also argues that by allowing the plaintiff to proceed on his retaliation claim but then dismissing his class-of-one claim, the Court is "contradicting/undermining itself by indicating the defendants acted irrational under the retaliation claim, but rational under the same set of facts under the class of one claim." (*Id.* at 3.)

- 4 -

The Court correctly interpreted the plaintiff's claim; however, the plaintiff misinterprets the law upon which the Court's holding was based. With regard to a class-of-one claim, a plaintiff "must plead and prove that he was intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment. The rational-basis requirement sets the legal bar low and simply requires a rational relationship between the disparity of treatment and some legitimate governmental purpose." *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686-87 (7th Cir. 2013) (citations and internal quotations omitted). Importantly, a plaintiff alleging an improper motive does not necessarily overcome the presumption of rationality. *Id.* at 687. "To the contrary, 'a given action can have a rational basis and be a perfectly logical action for a government entity to take *even if* there are facts casting it as one taken out of animosity.'" *Id.* (citing *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 547 (7th Cir. 2008) (emphasis added)).

Thus, the question considered by the Court was: Did the complaint reveal a rational basis for treating the plaintiff differently *notwithstanding* the defendants' retaliatory motive? It clearly did, based on Lieutenant Faltyski's statements regarding the institution's needs for a fully staffed kitchen. Of course, the defendants' desire to retaliate against the plaintiff

may also plausibly explain why the plaintiff was removed from his kitchen position, but the test for rationality does not ask whether the benign justification was the *actual* justification; it need only be a *conceivable* basis for treating the plaintiff differently. *See D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d at 686. The Court properly dismissed the plaintiff's class-of-one claim.

### Deliberate Indifference to a Hazardous Condition

In order to state a claim under the Eighth Amendment for deliberate indifference to a hazardous condition of confinement, a plaintiff is required to allege that defendants deliberately ignored a prison condition that presented an objectively, sufficiently serious risk of harm. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). The Court dismissed the plaintiff's claim, holding that the "issuance of 'worn out boots to kitchen workers who work in extremely slippery areas' is not a sufficiently dangerous condition." (ECF No. 7 at 8.) The Court based its holding on *Watkins v. Lancor*, which held that held 'neither wet floors nor failure to provide protective overshoes for the wet floor support a claim of deliberate indifference. 558 Fed.Appx. 662, 665 (7th Cir. 2014).

The plaintiff argues that "the Court misapplied an inaccurate standard of review to the facts of this." (ECF No. 8 at 4.) While the

plaintiff agrees with the Court's assessment of *Watkins*, he argues that *Watkins* does not apply because he had previously notified defendants about the danger of wearing worn-out work boots on slippery kitchen floors.

The plaintiff is not correct that by complaining to defendants he successfully transformed worn-out boots and slippery floors into objective, serious risks of harm. At most, by providing notice to the defendants, the plaintiff stated a claim for negligence against the defendants, "but negligence, or even gross negligence, will not support a claim of deliberate indifference." The Court's application of *Watkins* was not erroneous, and the Court properly dismissed the plaintiff's claim.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's "Motion for Reconsideration of Screening Order" (ECF No. 8) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of May, 2015.

                                             **BY THE COURT:**

                                             */s/ Rudolph T. Randa*
                                             **HON. RUDOLPH T. RANDA**
                                             **U.S. District Judge**