# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DARYISE L. EARL,**

    Plaintiff,

  -vs-                                Case No. 15-CV-282

**BRIAN FOSTER, et al.,**

    Defendants.

## DECISION AND ORDER

The plaintiff, a Wisconsin state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On October 9, 2015, the plaintiff filed a motion to compel discovery. (ECF No. 37.) On November 4, 2015, the defendants filed a motion to compel the plaintiff to provide a signed medical information authorization. (ECF No. 39.) On November 16, 2015, the plaintiff filed a motion for sanctions based on the defendants' alleged false and misleading disclosures. (ECF No. 43.) These motions are now fully briefed and ready for the Court's decision.

The issues presented in these motions are largely related. In short, the plaintiff wants information that can be obtained from his medical records, but he refuses to sign an authorization giving the defendants access to those records. The parties disagree about the appropriate scope for the authorization, and, despite numerous efforts, have not been able to reach an

agreement.  The plaintiff argues that the defendants are seeking irrelevant information; the defendants argue that the plaintiff is being unnecessarily and unreasonably restrictive.  In addition, the plaintiff argues that the defendants have been vague and misleading in their discovery responses; the defendants respond that they have provided the plaintiff with all the information they have.

With regard to the medical authorization, the Court concludes that the plaintiff's medical records are relevant to this lawsuit.  The plaintiff has stated claims about the medical care he received at Green Bay Correctional Institution, and the defendants need the plaintiff's medical records to defend against this lawsuit.  The parties agree with this conclusion generally; however, they disagree about the scope of the records that the defendants should be able to access.

The defendants argue that the plaintiff's complaint describes events that happened as far back as 2008, so they need all medical records dating back to that time.  This argument overstates the relevancy of medical records covering such a lengthy time period.  While it is true that the plaintiff references injuries resulting from falls in 2008 and 2013, his medical claims in this lawsuit are not based on the alleged injuries from those falls.  His medical claims are based only on the treatment (or lack thereof) that he received following an injury he suffered in September 2014.

The defendants have agreed with this assessment elsewhere. In their response to the plaintiff's first request for the production of documents, the defendants stated, ". . . documents related to an incident that occurred in January 2008 are not relevant to plaintiff claims against the Defendants" and ". . . documents that related to an incident that occurred in May 2013 are not relevant to plaintiff's claims against the Defendants." (ECF No. 37-1 at 1-2.) It is puzzling to the Court why documents would not be relevant when the plaintiff seeks them but would be relevant when the defendants seek them.

The Court finds that the defendants should have access to the plaintiff's medical records dating back to September 1, 2014. Plaintiff may argue that even with this limitation, the authorization is too broad. He has suggested to the defendants that he would agree to release only those records "that relate to the injury . . . ." (ECF No. 41 at 4.) While at first blush this limitation may seem reasonable, it is unworkable on a practical level. The plaintiff is *pro se*, which means the burden of combing through the plaintiff's medical records and making relevancy determinations will fall on Health Services staff at the plaintiff's institution. The Court agrees that imposing this burden on the institution is unjustified. Accordingly, the best way to limit the authorization is by date.

The defendants shall revise their proposed authorization as set forth in this opinion and provide it to the plaintiff by **December 23, 2015.** If the

- 3 -

plaintiff chooses to sign the authorization, he must do so by **January 4, 2016**. The Court will not compel the plaintiff to sign the authorization. It continues to be his choice whether he wants to disclose his private medical records; however, the Court cautions the plaintiff that it has already ruled that the defendants are entitled to these records to defend against the plaintiff's claims. The plaintiff cannot put his medical treatment at issue and then deny the defendants relevant evidence. Thus, refusal to allow the defendants access to the medical records as outlined in this opinion may prove fatal to the plaintiff's claims.

With regard to the other discovery disputes, the Court finds that the plaintiff's arguments lack merit. Upon review it appears that the defendants have provided the plaintiff with relevant information in response to his requests.

The plaintiff takes issue generally with the defendants' objections to his requests, but there is nothing improper with these objections, especially because the defendants have either provided responses subject to their objections or have instructed the plaintiff on how to obtain the information on his own.

The plaintiff also disagrees with redactions the defendants have made to various documents, but as explained by the defendants, these redactions limit the information to responsive and relevant information. Discovery

provides the plaintiff with access only to relevant information, and the defendants need not provide more information than what the plaintiff requests. See Fed. R. Civ. Pro. 26(b).

Finally, the plaintiff's motion to impose sanctions appears to be based on a misunderstanding. The plaintiff requested a copy of the institution's policy regarding the distribution of ice packs. In response, the defendants directed the plaintiff to "DAI Policy 300.00.03 III." The plaintiff looked up the policy in the library as instructed by the defendants, and discovered that Section III of the policy had nothing to do with ice distribution but instead addressed "Warning Signs and Responses for Overexposure to Cold Weather." The plaintiff believed that the defendants had purposely misled him.

In response, the defendants attached the complete policy. Upon review, the Court notes that, for some unexplained reason, there are two Section III's—one on page three of the policy, and one on page nine of the policy. (ECF No. 45-1.) Understandably, the plaintiff went to the first Section III, discovered it had nothing to do with ice distribution, and called it a day. He did not know (and would not be expected to know) that a second Section III could be found in the same policy, six pages later. This was a simple misunderstanding, and the Court finds that the defendants did not intentionally mislead the plaintiff. As such, sanctions are not warranted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion to compel discovery (ECF No. 37) is **DENIED**.

**IT IS ALSO ORDERED THAT** the defendants' motion to compel the plaintiff to provide a signed medical information authorization (ECF No. 39) is **DENIED**.

**IT IS FURTHER ORDERED THAT** the plaintiff's motion to impose sanctions for false and misleading disclosure (ECF No. 43) is **DENIED**.

**IT IS ALSO ORDERED THAT** the defendants shall revise their proposed authorization as set forth in this opinion and provide it to the plaintiff by **December 23, 2015.** If the plaintiff chooses to sign the authorization, he must do so by **January 4, 2016**.

Dated at Milwaukee, Wisconsin, this 11th day of December, 2015.

**BY THE COURT:**

s/ J. P. Stadtmueller
for **HON. RUDOLPH T. RANDA**
**U.S. District Judge**