# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DARYISE L. EARL,**

  Plaintiff,

  -vs-              Case No. 15-CV-282

**BRIAN FOSTER, et al.,**

  Defendants.

## DECISION AND ORDER

  The plaintiff, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On March 23, 2016, the plaintiff filed a second motion to compel. On April 1, 2016, he filed a motion to extend the discovery deadline and a third motion to compel, which included a request that the Court recruit counsel to represent him. The plaintiff explained in his third motion to compel that the defendants provided additional information following his second motion to compel. He asks the Court to dismiss the second motion to compel and address only the arguments in his third motion to compel. The Court grants the plaintiff's request and dismisses the plaintiff's second motion to compel as moot.

## I. Third Motion to Compel

In his third motion to compel, the plaintiff asks the court to compel the defendants to provide him the following: 1) all inmate complaints regarding the provision of medical ice; 2) various progress notes, incident reports, and/or logbooks that the defendants have stated do not exist; and 3) documentation of the misconduct that led to defendant Richard Karl's termination from Green Bay Correctional Institution. The Court will address each of these in turn.

### *A. Inmate Complaints Regarding the Provision of Medical Ice*

The plaintiff has sought inmate complaints written in regards to officers refusing or ignoring requests for medical ice that had been prescribed by medical staff. He argues that this evidence is relevant to establishing the officers' habit of denying such requests. The defendants argue (without support) that habit and routine evidence is generally not admissible to prove that one acted in compliance therewith on any given date.

Federal Rule of Evidence 406 states: "Evidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice. The court may admit this evidence regardless of whether it is corroborated or whether there was an eyewitness."

The problem is that although Rule 406 does permit evidence of one's habit or routine, the documents that the plaintiff seeks will not establish that
- 2 -

a habit or routine exists. Imagine that on fifty occasions inmates complained that they did not receive medical ice. This number, in isolation, may appear significant; however, it is meaningful only if placed in context, the context being how many total times ice was prescribed. If inmates were prescribed ice on 500 occasions, then those fifty denials seem far less significant. What initially seemed like a habit, is now nothing more than a series of bad acts, and Federal Rule of Evidence 404(b) is clear that prior bad acts are not admissible to show that on a particular occasion the person acted in a similar manner.

Thus, for the information the plaintiff seeks to be meaningful, the plaintiff would need not only every inmate complaint made about the denial of medical ice but also information about how many times medical ice was prescribed. Providing such information would place an incredible, and unjustifiable, burden on the defendants. They have already explained that "ICE" is the acronym for "Inmate Complaint Examiner," so running a search for "ice" will uncover literally thousands of complaints, most of which having nothing to do with medical ice. In addition, determining how many times medical ice has been prescribed will require the defendants to search through every inmate's medical file. Given the limited value of this information and the likelihood that its admissibility would be barred by Rule 404(b), the Court concludes that placing such a significant burden on the defendants is

unwarranted. The Court denies the plaintiff's request to compel the defendants to produce this information.

### B. *Progress Notes, Incident Reports, and/or Logbooks*

The plaintiff believes that the defendants are withholding documents. The defendants have told the plaintiff (on multiple occasions) and the Court that the documents do not exist. The plaintiff explains why he believes he is being stonewalled, but his explanations amount to little more than speculation. The Court cannot compel the defendants to produce documents they do not have.

### C. *Richard Karl's Termination Documentation*

The plaintiff argues that documentation relating to Karl's termination from Green Bay Correctional is relevant to the issues in this lawsuit because it will establish Karl's "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The defendants reject this argument, explaining that Karl was not terminated in any way related to the plaintiff's allegations and he was not terminated for any reason related to his truthfulness as an officer.

The Court cannot determine whether the documents are relevant to the plaintiff's claims without reviewing them. To that end, the Court will review these documents *in camera* to determine whether they reveal information relevant to the plaintiff's claims and therefore should be produced to the

- 4 -

plaintiff. The defendants shall deliver a copy of these documents to the Court's chambers within fourteen days of this order.

## II. Motion to Extend the Discovery Deadline

The plaintiff asks that the Court extend the discovery deadline by an additional forty-five days. The Court has already extended the discovery deadline by two months, and it does not believe that further extensions are necessary. That said, the Court understands that in the event it orders the defendants to produce the termination documents, the plaintiff may wish to rely on those in either preparing or responding to a summary judgment motion. For that reason, the Court will extend the dispositive motion deadline by thirty days, until June 1, 2016.

## III. Motion for the Appointment of Counsel

The plaintiff has also asked the Court to recruit counsel to represent him. The Court has denied two previous requests for counsel, and the plaintiff presents no new information requiring the Court to reconsider those decisions. Based on the plaintiff's filings to date, which are thorough, organized, and easy to understand, the Court continues to believe that the plaintiff is capable of proceeding on his own at this time.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's second motion to compel (ECF No. 58) is **DENIED as moot**.

**IT IS ALSO ORDERED THAT** the plaintiff's motion to extend the discovery deadline (ECF No. 59) is **DENIED**.

**IT IS FURTHER ORDERED THAT** the dispositive motion deadline is extended to **June 1, 2016**.

**IT IS ALSO ORDERED THAT** the plaintiff's third motion to compel (ECF No. 60) is **DENIED in part**. The defendants shall deliver a copy of defendant Karl's termination documentation within **fourteen days** of this order. The Court will review the documents *in camera* to determine whether production to the plaintiff is required.

**IT IS FURTHER ORDERED THAT** the plaintiff's motion for the appointment of counsel (ECF No. 60) is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 29th day of April, 2016.

**BY THE COURT:**

*s/ Pamela Pepper*
for **HON. RUDOLPH T. RANDA**
**U.S. District Judge**