# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DARYISE L. EARL,**

    Plaintiff,

  -vs-                              **Case No. 15-CV-282**

**BRIAN FOSTER, et al.,**

    Defendants.

# DECISION AND ORDER

First, on April 29, 2016, the Court ordered the defendants to submit the termination file and performance evaluations for defendant Richard Karl for *in camera* review so that the Court could determine whether those documents should be produced to the plaintiff in response to his discovery requests. After reviewing the documents, the Court agrees with the defendants' assessment that these documents are not relevant to the plaintiff's allegations. In addition, the Court agrees that providing these documents to the plaintiff could pose a security risk.

As acknowledged by the defendants, the documents may be relevant to Mr. Karl's credibility; however, the parties' credibility is not appropriately considered at summary judgment. As such, there is not a current need for the plaintiff to access these documents. In light of the potential security risk, the Court concludes that the documents should not be provided to the plaintiff

until such time as is necessary. If the plaintiff's claims against Mr. Karl survive summary judgment and proceed to trial, the plaintiff may renew his request to the defendants for these documents. The parties can decide at that time the best way to provide the plaintiff with access to the documents while limiting the security concerns.

Second, on May 10, 2016, the plaintiff filed a motion to substitute Mary Alsteen for the unidentified Doe defendant in his complaint. The Court notes that discovery is now closed and that the defendants filed a motion for summary judgment on April 29, 2016. As a result, before deciding whether to grant the plaintiff's motion, the Court would like a response from the defendants. In their response, the defendants should first state whether they oppose the plaintiff's motion. If they do not oppose his motion, they should advise the Court on their scheduling preferences (assuming, of course, the proposed defendant will also be represented by defendants' counsel). The Court disfavors multiple tracks of litigation in a single case and would prefer, for the sake of efficiency, to have all the defendants on the same schedule.

The defendants shall file their response within seven days of this order. Once the defendants have responded, the plaintiff shall file a reply within seven days, addressing the defendants' arguments and offering his own thoughts on the scheduling of discovery and for the filing of dispositive motions as it relates to the proposed defendant.

Third, on May 19, 2016, the plaintiff requested an extension of time to respond to the defendants' motion for summary judgment. The Court grants his request.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion to compel discovery (ECF No. 60) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants shall file a response to the plaintiff's motion to substitute a defendant (ECF No. 74) within seven days of this order.

**IT IS ALSO ORDERED** that the plaintiff shall file a reply addressing the topics set forth in this decision within seven days of receiving the defendants' response.

**IT IS FURTHER ORDERED** that the plaintiff's motion for a thirty-day extension of the deadline by which he must respond to the defendants' motion for summary judgment (ECF No. 76) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 23rd day of May, 2016.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 3 -