# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DARYISE L. EARL,**

    Plaintiff,

    -vs-                                      Case No. 15-CV-282

**BRIAN FOSTER, et al.,**

    Defendants.

## DECISION AND ORDER

On May 10, 2016, the plaintiff filed a motion to substitute Mary Alsteen for the unidentified Doe defendant in his amended complaint. The defendants opposed the plaintiff's motion, arguing that the plaintiff delayed making his request until after the defendants had filed their motion for summary judgment, which was nearly four months after the plaintiff learned of Alsteen's identity.

The plaintiff explains that he delayed filing the motion because he anticipated learning the identity of other Does and he wanted to bring a single substitution motion after he identified all of the Does rather than filing a separate motion each time he identified a Doe. He further explains that the April 29 order denying his motion to compel foreclosed the possibility that he would be able to identify any other Does, which is why

he filed the May 10 motion asking to substitute Ms. Alsteen for the Doe defendant.

The U.S. Supreme Court has instructed lower courts to heed the mandate in Fed. R. of Civ. Pro. 15(a) to freely grant leave to amend a complaint when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court explained that a plaintiff's undue delay in seeking an amendment may justify denying a request to amend; however, the Court does not believe that the plaintiff's delay in this case was without justification. The plaintiff explained his reasons for delaying his motion, whether this proved to be a good strategy is beside the point. He wasn't dawdling or trying to harass the defendants; in fact, as he explains, he was trying to efficiently handle what he originally anticipated would be a request to substitute multiple defendants. Once he realized Alsteen would be the only Doe he could identify, he promptly filed his motion to substitute. As such, the Court grants his request to substitute Alsteen for the Doe defendant in his amended complaint.

The parties were asked to provide their thoughts on the scheduling of discovery and the filing of dispositive motions as it relates to Alsteen. The plaintiff failed to do so; the defendants asked only that they be allowed extra time to supplement their motion for summary judgment to include

Alsteen. As such, it is unclear to the Court whether the plaintiff requires additional time to complete discovery as to Alsteen.

The Court has already explained that it does not favor multiple tracks of litigation. Such an approach is inefficient and generally results in confusion and wasted resources. As such, the Court will dismiss the defendants' motion for summary judgment without prejudice. Alsteen will be served pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, as set forth in the order section of this decision. She shall have sixty days from the date of this order to respond to the plaintiff's amended complaint.

In the event Ms. Alsteen answers the plaintiff's amended complaint, the Court will enter an expedited scheduling order. The Court will not reopen discovery as to the other defendants; however, it will allow a short period of discovery as to Alsteen. The Court will also set a revised deadline for the filing of dispositive motions. The defendants, including Ms. Alsteen, may then re-file their motion for summary judgment (supplementing it as necessary).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion to substitute Mary Alsteen for the Doe defendant (ECF No. 74) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the plaintiff's amended complaint (ECF No. 15) and this order are being electronically sent today to the Wisconsin Department of Justice for service on Alsteen.

**IT IS ALSO ORDERED THAT**, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Alsteen shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (ECF No. 65) is **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2016.

                **BY THE COURT:**

                *Rudolph T. Randa*
                **HON. RUDOLPH T. RANDA**
                **U.S. District Judge**