UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARYISE L. EARL,

       Plaintiff,

                                                     Case No. 15-CV-282

BRIAN FOSTER, *et al.*,

       Defendants.

## DECISION AND ORDER

Plaintiff Daryise L. Earl, a Wisconsin State prisoner who is representing himself, filed a civil rights action under 42 U.S.C. § 1983, alleging that the defendants violated his First and Eighth Amendment rights at the Green Bay Correctional Institution. (Docket #15). This matter comes before me on the plaintiff's fourth motion to compel discovery (Docket # 100), and the plaintiff's motion to appoint an independent medical expert (Docket # 103).

In his motion to compel discovery, Earl asks me to order the defendants to: (1) "provide precise answers" to his request for admissions regarding a phone conversation between Nurse Mary Alsteen and Sergeant Michael Richtie that occurred on October 13, 2014, and (2) produce an inmate complaint filed by a different inmate regarding Alsteen's refusal to provide medical treatment at a local hospital. Earl explains that the defendants identified Alsteen as the individual who was "on duty" on October 13, 2014 when Richtie called about Earl's knee injury; however, defendants have failed to provide details about what was said during that phone conversation. Earl also states that Alsteen's pattern of refusing to provide medical treatment is relevant to this litigation, therefore, he

needs a copy of an inmate complaint filed by a different inmate regarding Alsteen's failure to provide medical care at a local hospital.

As explained by Judge Rudolph Randa in his decision and order denying Earl's third motion to compel (Docket # 78), the court cannot order defendants to provide information that they do not possess. Alsteen states that she does not recall the conversation that took place on October 13, 2014, and defendants indicate that there are no records memorializing the phone call from that day. I cannot order Alsteen to speculate as to what may have been said in a conversation that occurred almost two years ago that she does not remember.

The Plaintiff also asks that the details of another inmate's grievance be compelled. He asserts that, in that case, Alsteen claimed the inmate refused treatment at a hospital when the inmate said just the opposite. The Defendants have conceded that this occurred, i.e., that there is a "he said, she said" dispute between another inmate and Nurse Alsteen. Given this concession, it is unclear what relevance any of the additional medical details would have. The exact circumstances of the other inmate's condition would not shed light on any matters pertinent to this case. Instead, the only relevance is in the similarity of the allegations regarding the fact that a second inmate has accused Nurse Alsteen of lying about an inmate refusing hospital treatment. And, given the privacy concerns implicated by a release of another inmate's health conditions, especially within the prison context, any conceivable relevance is outweighed by the possible prejudice a third party might suffer. Therefore, I must deny plaintiff's fourth motion to compel discovery.

Earl also asks me to appoint an independent medical expert under Federal Rule of Evidence 706 (a). He explains that a medical expert "would be better suited to give a[n] accurate description of the limitations [that] Earl's injury imposed on his ability to bend his knee or move laterally."

2

Rule 706(a) gives me discretion to appoint a medical expert in civil cases. *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997). However, the fact that a medical expert would help an inmate prevail on his claims at trial does not mean that the court must exercise its authority under Rule 706. *See id*. Indeed, a court need not appoint an expert even in cases where the plaintiff *requires* an expert to prove his case. *See id.*

In this case, Earl's claims relate to how he was treated by the defendants following his knee injury, specifically, whether the defendants forced him to work with an "obvious" knee injury, and whether the plaintiff was fired from his job in the kitchen based on his complaints about his injury. Expert opinion is neither necessary nor helpful regarding these factual disputes. Earl's best source of evidence on how he was treated by defendants following his knee injury is his own testimony explaining what happened after he was injured. Further, swelling, knee pain, and mobility limitations from swelling and knee pain, are within the comprehension and personal experience of any lay person; expert testimony is not necessary to explain medical conditions that any lay person can understand. *See Ledford,* 105 F.3d at359-60.

Finally, Rule 706(c) provides that any expert appointed by the court is entitled to reasonable compensation. Where the plaintiff is indigent, that cost falls to the defendants–in this case, the State of Wisconsin. In a recent case, the final cost for a court appointed medical expert was approximately $5,950. *See Goodvine v. Ankarlo*, Case 12-CV-1324, Docket #167 (E.D. Wis.). Given that Earl's best evidence is his own testimony, I cannot justify an increase in defense costs by thousands of dollars. Therefore, I will deny the plaintiff's motion to appoint an independent medical expert.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion to compel (Docket #100) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint an independent medical expert (Docket #103) is **DENIED**.

Dated this 16th day of November, 2016

      s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court