UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARYISE L. EARL,

        Plaintiff,

v.                                               Case No. 15-C-282

BRIAN FOSTER, et al.,

        Defendants.

## DECISION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR RECONSIDERATION

On March 12, 2015, Plaintiff Daryise Earl filed an action pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated. The court granted the defendants' motion for summary judgment and dismissed this case on May 26, 2017. Plaintiff filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) on the ground that the judgment was based on a manifest error of law. For the reasons discussed below, Plaintiff's motion for reconsideration will be denied.

Rule 59(e) allows a court to alter or amend a judgment "only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511–12 (7th Cir. 2007)). A manifest error is "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). A plaintiff must "clearly establish" that he is entitled to relief under Rule 59(e).

*Harrington v. City of Chicago*, 433 F.2d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)).

Plaintiff identifies no manifest error of law or fact in his motion to reconsider. First, Plaintiff argues that the court used the wrong legal standard for his First Amendment retaliation claim and his Eighth Amendment deliberate indifference claim. He appears to disagree with the standard for retaliation and argues that the court should not have considered whether the defendants could "show by a preponderance of the evidence that they would have taken the same actions." ECF No. 131 at 1. In the court's decision and order, the court articulated the standard for presenting a retaliation claim as follows:

> To establish a prima facie case of retaliation, plaintiff must produce evidence that he: (1) engaged in constitutionally protected speech, (2) suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendants' actions. *See Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012). If plaintiff establishes these three elements, the burden shifts to the defendants to show by a preponderance of the evidence that they would have taken the same action even without any retaliatory motive. *Spiegla v. Hull*, 371 F.3d 928, 943 (7th Cir. 2004) (citing *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 287 (1977)).

ECF No. 129 at 9.

The court recognizes that it used a poor choice of words. The standard on summary judgment, of course, is not whether a party has met his burden of proof by a preponderance of the evidence but rather whether there is a genuine dispute of material fact. Fed. R. Civ. P. 56(c). Yet, here, Plaintiff did not dispute any facts that suggested Brooks and Faltyski would have removed Plaintiff from his position even without a retaliatory motive. As the court stated in its Decision and Order, after Plaintiff received a six-week "no work" medical restriction, Brooks recommended removing him from his job as a bowl cook so that the kitchen could fill the position to meet its

2

institutional and operational needs. ECF No. 129 at 6. Lieutenant Faltyski approved the recommendation. *Id.* All parties agree that Plaintiff had a knee injury and was unable to stand for long periods of time without pain. *Id.* at 10. His job as a morning bowl cook required Plaintiff to be on his feet to prepare, cook, and serve the breakfast and noon meal, and to start preparations for the evening meal. In addition, a bowl cook job requires more skill and knowledge than an entry level kitchen job, and during Plaintiff's initial three-week absence, other bowl cooks had to fill Plaintiff's position and did not get their scheduled days off. Plaintiff did not dispute that his job could not be vacant for six more weeks given that his absence had already affected the kitchen's efficiency. *Id.* Because Plaintiff did not present a material issue of fact challenging that the defendants would have taken the same action without any retaliatory motive, the court determined the defendants were entitled to summary judgment as a matter of law. In sum, Plaintiff has not established that the court committed a manifest error of law requiring reconsideration.

As to his challenge to the court's application of the Eighth Amendment deliberate indifference standard, Plaintiff appears to believe that the court was required to identify a "penological interest" in defendant Karl's decision to deny Plaintiff's request for a sick day. However, Plaintiff has no basis in law to assert that the court used the wrong standard. Again, as the court noted in its Decision and Order, deliberate indifference contains both an objective and a subjective element. *Id.* at 12. A plaintiff must show that he had a medical condition that was sufficiently serious and that the defendants had knowledge of the serious medical condition and disregarded an excessive risk to the inmate's health or safety. *Id.* (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011)). The court applied this standard in analyzing Plaintiff's deliberate indifference claim and ultimately granted the

3

defendants' motion for summary judgment. While Plaintiff reargues his original positions and raises several points of disagreement with the court's analysis, he has not shown that reconsideration is warranted.

Plaintiff also attempts to challenge the amount he was paid when he was unable to work. He asserts that the Department of Corrections has implemented an inmate compensation plan that allows for an inmate to receive regular pay, rather than sick pay, when he is unable to work due to a work-related injury. This argument is a nonstarter because Plaintiff concedes that he did receive back-pay at his regular rate while he was unable to work due to his knee injury.

Finally, Plaintiff contends that the court ignored two motions: a motion to depose Gilbert Haight, a medical expert, as well as a motion for sanctions regarding the defendants' "fraudulent filings designed to conceal Brooks' knowledge of the complaint Earl filed." ECF No. 131 at 4, 7. Yet, the court addressed every motion Plaintiff filed. The court denied Plaintiff's motion to appoint an independent medical expert because it could not justify the cost of an expert given the facts of the case. ECF No. 107. Further, Plaintiff never filed a motion for sanctions against the defendants. In short, Plaintiff has not offered a proper basis for the court to alter or amend the judgment. Therefore, his motion for reconsideration (ECF No. 131) is **DENIED**.

**SO ORDERED** this   10th   day of August, 2017.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court